Peter J. Mastan (CASB No. 190250)
*peter.mastan@dinsmore.com*
Jonathan Serrano (CASB No. 333225)
*jonathan.serrano@dinsmore.com*
DINSMORE & SHOHL LLP
550 S. Hope Street, Suite 1765
Los Angeles, CA  90071
Telephone:  213.335.7737

Counsel to Amy L. Goldman,
Chapter 7 Trustee

**FILED & ENTERED**

**MAY 18 2023**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetulio     DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No. 1:21-bk-11524-MT |
| JET MIDWEST GROUP, LLC, | Chapter 7 |
| Debtor. | **ORDER ON MOTION APPROVING SETTLEMENT AGREEMENT AND MUTUAL RELEASES BETWEEN (A) THE TRUSTEE, AND (B) VARIOUS INSIDERS OF THE DEBTOR INCLUDING WITHOUT LIMITATION KAREN KRAUS, PAUL KRAUS, JET MIDWEST, INC., JET MIDWEST GLOBAL, LLC, JET MIDWEST TECHNIK, INC., AND OTHERS, AND FOR ASSUMPTION AND ASSIGNMENT OF CENTURY BLVD. LEASE** |
| | Date:     May 15, 2023<br>Time:     11:00 a.m.<br>Place:     Courtroom 302<br>              21041 Burbank Blvd.<br>              Woodland Hills, CA 91367<br>Judge:    Hon. Maureen A. Tighe |

/ / /

/ / /

/ / /

/ / /

1

1    On May 15, 2023, on the 11:00 a.m. Calendar, in Courtroom 302 of the United States

2  Bankruptcy Court, San Fernando Valley Division, located at 21041 Burbank Blvd., Woodland Hills,

3  California 91365, the Honorable Maureen A. Tighe, United States Bankruptcy Judge, conducted a

4  hearing by *zoom.gov* on the "Motion For Order Approving Settlement Agreement and Mutual

5  Releases Between (A) The Trustee, and (B) Various Insiders of the Debtor Including Without

6  Limitation Karen Kraus, Paul Kraus, Jet Midwest, Inc., Jet Midwest Global, LLC, Jet Midwest

7  Technik, Inc. and Others, And for Assumption and Assignment of the Century Blvd. Lease" (the

8  "Motion") filed on April 24, 2023 by Amy L. Goldman, the Chapter 7 Trustee (the "Trustee") for the

9  bankruptcy estate (the "Estate") of debtor Jet Midwest Group, LLC (the "Debtor") in the above-

10  captioned bankruptcy case.  The Trustee also filed a Notice of Hearing and a Supplemental Notice of

11  Hearing on the Motion.  No opposition to the Motion was filed.  A "Reservation of Rights and

12  Response to Motion . . ." (the "Reservation of Rights") was filed by Kenneth M. Woolley, F. Paul

13  Ohadi, as Trustee of the F. Paul Ohadi Trust dated December 15, 1999 and in his individual

14  capacity, KMW Business Jets, LLC, and Alta Airlines Holdings, LLC.  The Trustee filed a Reply in

15  further support of the Motion.

16    The Court, having considered the Motion, all pleadings filed in support thereof and in

17  opposition thereto (including without limitation the Reservation of Rights), the argument of counsel,

18  and good cause appearing, finds and directs as follows:

19    **1.**    The Motion is granted and the Settlement Agreement and Mutual Releases (the

20  "Agreement") attached as **Exhibit 1** to the Motion is approved (except as expressly modified

21  herein).

22    **2.**    Pursuant to FED. R. BANKR. P. 9018 and other applicable law, the Non-Debtor Party

23  Confidential Financial Information[1] shall remain confidential, notwithstanding 11 U.S.C. §§ 107(a)

24  and 704, in accordance with and as restricted by Section 5 of the Agreement, regardless of whether

25  the Non-Debtor Party Confidential Financial Information falls within the categories of confidential,

26

27

28  _____
[1]    Capitalized terms not otherwise defined herein have the same meanings ascribed to them in
the Agreement.

propriety or personal protected information included in FED. R. BANKR. P. 9018 and other applicable law.

**3.**     Any and all security interests, Claims or liens of any Trustee Released Parties (including, without limitation, the Non-Debtor Parties) against the Estate or Property of the Estate are hereby disallowed, withdrawn with prejudice, and released, including (but not limited to) Proof of Claim No. 10.

**4.**     The Settlement Payment is free of any rights of the Trustee Released Parties.

**5.**     Except as provided in subsection 18(e) of Section 4(d) and Section 6 of the Agreement, the Trustee Released Parties have waived any claims against, or right to payment from, the Estate, including but not limited to, monies sought by: (i) proofs of claim filed in the Debtor's case (including without limitation the JM Inc. Claim); (ii) JM Inc.'s Administrative Expense Claim; and (iii) waiver of trespass claim, if any.

**6.**     The Trustee is not required to reimburse the Non-Debtor Parties for any alleged legal fees or costs, including with respect to both discovery and litigation, incurred up to the date of execution of the Agreement.

**7.**     Except for the Assigned Claims, neither the Agreement nor this Order in any way limits, resolves, settles, estops, prejudices or otherwise impacts the Top Jet Non-Parties' claims against JM Inc. or any other Trustee Released Party (or any of JM Inc.'s defenses thereto).

**8.**     Each of the Parties to the Agreement are authorized to enter into the Agreement.

**9.**     Based on all of the facts and circumstances, including without limitation the financial condition of the Non-Debtor Parties, all Parties have acted in good faith, negotiated at arm's length, and it is agreed that the value to be paid to the Estate pursuant to the Agreement is equivalent value and proportional to the rights being waived and released.  The Agreement was entered into in good faith.  Pursuant to CAL. CIV. PROC. CODE §§ 877 and 877.6, the settlement embodied in the Agreement constitutes a good faith settlement.

**10.**     The Top Jet Non-Parties are neither giving releases nor are they bound by the releases herein.  All claims of the Top Jet Non-Parties not previously conveyed to the Estate by the previously

/ / /

3

approved settlement between the Top Jet Non-Parties and the Trustee are not assets or property of the Estate.

11.     Notwithstanding anything to the contrary in the Agreement, no claims of the Estate against F. Paul Ohadi, his trust, Kenneth Woolley, and any of their respective companies, agents, co-conspirators, or those in active concert with them (expressly excepting the Non-Debtor Parties for actions through November 30, 2022 as set forth under the terms of the Agreement), but including (by example but not as a limitation) the following entities: F. Paul Ohadi Trust Dated December 15, 1999, Alta Airlines Holdings, LLC, KMW Business Jets, LLC, KMW Leasing XI 757, LLC, KMW Leasing XII 6- 767, LLC, and KMW Leasing X, LLC, are released or otherwise impaired by the terms of the Agreement.

12.     The limitation of the releases (i.e., subject to Sections 3 and 5) of the Trustee Released Parties and the tolling of all time bars and statutes of limitations and the preservation of the confidentiality under procedures set forth in Section 5(c) of the Agreement are approved.

13.     The Trustee is authorized to grant, sell, assign and transfer the Estate's rights, title, interests, and security to all physical assets (including but not limited to aircraft/engines/parts and the associated technical documentation and historical records) and their related tracing and FAA documentation at the JM Inc. facility identified in Exhibit A of the Agreement to JM Inc. without prejudice to any rights of third parties and excluding from such transferred assets any assets not expressly listed on Schedule A, effective upon the Trustee's receipt of the Settlement Payment and that payment having cleared the banking process. The Trustee is further authorized to execute and deliver a bill of sale to JM Inc. substantially in the form of Exhibit A to the Agreement, as applicable and upon JM Inc.'s request, and promptly execute and deliver to JM Inc. such registrations, terminations, or other documents as reasonably required to reflect the transfer of the assets with the FAA, International Registry or in any other jurisdiction. To the extent any of the foregoing actions are required, the Non-Debtor Parties, and each of them, will be responsible for such registrations or terminations (including any costs associated therewith). The transfer of the property identified in Exhibit A to the Agreement to JM Inc. is being made on an AS-IS and WHERE-IS basis, without

representation or warranty of any kind, whether express or implied, including without limitation no representation or warranty as to merchantability or fitness for a particular purpose.

14.    The Parties are authorized to, and shall, execute the Assignment Agreement for the Century Boulevard property lease in the form attached to the Agreement as Exhibit B.  The Trustee's assumption of and assignment to JM, Inc. of the Century Boulevard property lease pursuant to the Assignment Agreement is both authorized and approved.

15.    For the Trustee and the Estate, USD $900,000 of the Settlement Payment is hereby allocated to the Estate's interests in the assets reflected in Exhibit A to the Agreement.  The balance of the Settlement Payment is hereby allocated to the compromise of the Estate's potential claims against the Non-Debtor Parties.  The Non-Debtor Parties shall not be bound by the Trustee and the Estate's allocation.

16.    The Court retains jurisdiction to interpret and enforce this Order and the Settlement Agreement.  The arbitration provision in Section 9 of the Agreement applies only if both the Court and the United States District Court either lack or decline to exercise jurisdiction.

17.    Any and all successors to a Party to the Agreement shall be bound by the Agreement.

18.    The Trustee shall not be in breach of the covenant not to sue the Non-Debtor Parties as set forth in Section 3 of the Agreement, if, following the Effective Date of the Agreement, the Trustee files an adversary proceeding (an "Adversary Proceeding") against one or more of the Non-Debtor Parties, provided that each of the following conditions are fully satisfied:

a.    The complaint filed in the Adversary Proceeding (the "Complaint") provides that:

i.    the Non-Debtor Parties have been named as "nominal" defendants solely for the purpose of avoiding any claim by any other defendants that the Trustee has failed to join the Non-Debtor Parties in the Adversary Proceeding as required by Rule 19 of the Federal Rules of Civil Procedure or applicable case law,

ii.    unless the Agreement is rescinded, the Trustee's claims asserted against the Non-Debtor Defendants are the subject of a settlement agreement that have been or shall be released when the settlement agreement becomes effective and will then result in a dismissal, with

prejudice, of all claims released by Section 4(b) of the Agreement, if any, except claims expressly preserved under the Agreement; and the Trustee seeks no affirmative relief or recovery or adjudication of any rights, interests or claims against any of the Non-Debtor Parties in the Adversary Proceeding if the Agreement becomes Effective.

      **b.**    The Trustee shall file a stipulation and lodge an order approving the stipulation substantially in the forms attached to the Agreement as Exhibit C, contemporaneously with filing a Complaint, in the court in which the Adversary Proceeding is pending that:

            **i.**    stays all proceedings in the Adversary Proceeding as to the Non-Debtor Parties, and

            **ii.**    excuses the Non-Debtor Parties from responding to the Complaint and from participating in any discovery or motion practice in the Adversary Proceeding, or complying with Rule 7016 pending dismissal of the Adversary Proceeding as to the Non-Debtor Parties.

      **c.**    The Trustee's joining of the Non-Debtor Parties in the Adversary Proceeding shall not constitute or be interpreted as the Non-Debtor Parties' express or implied consent to the jurisdiction of any court, or a waiver of any rights of the Non-Debtor Parties, including, without limitation, the right, if any, to a jury trial and the right, if any, to have an Article III Court adjudicate any claims or causes of action (including all pre-trial motions related thereto) asserted against any of them by the Trustee or any other party.

      **d.**    The Complaint in the Adversary Proceeding shall not be served on any of the Non-Debtor Parties, unless otherwise ordered by the applicable court.

      **e.**    Promptly, but not later than three business days after the other parties to the Adversary Proceeding file their answers, the Trustee shall request dismissal of the Adversary Proceeding against all Non-Debtor Parties.

      **f.**    In the event that the Trustee's Complaint causes the Non-Debtor Parties to incur any out of pocket costs (excluding attorneys' fees) prior to the Non-Debtor Parties' dismissal from the Adversary Proceeding, then the Trustee shall reimburse the Non-Debtor Parties for reasonable out of pocket costs. This Court shall have authority to resolve any disagreement between the Non-Debtor Parties and the Trustee regarding the reimbursement of out of pocket costs. In

addition, the Non-Debtor Parties may file an application (an "Application") with this Court seeking an order that provides the Non-Debtor Parties reimbursement from the Estate for reasonable and necessary attorneys' fees incurred as a result of being defendants in the Adversary Proceeding prior to the dismissal of the Non-Debtor Parties from the Adversary Proceeding.  To the extent that this Court grants such Application, the Trustee shall promptly pay the Non-Debtor Parties the Court-approved fees and expenses.

19.    Within two (2) Court days of the Effective Date of the Agreement, the Trustee shall request dismissal with prejudice of all claims released by this Agreement including, without limitation, all claims and causes of action set forth in any adversary proceeding against the Non-Debtor Entities that is pending as of the Effective Date of the Agreement that are not the subject of section 4.d.18 of the Agreement.

20.    The Agreement is deemed revised as follows:

    a.    References in the Agreement to the inventory attached as "Schedule A" to the Agreement shall mean the inventory included in "Exhibit A" to the Agreement.

    b.    The definition of "Adversary Proceeding" contained in Section 5.c of the Agreement shall be deemed revised to be "Confidential Information Adversary Proceeding." Each reference to "Adversary Proceeding" in Section 5.c of the Agreement shall be deemed to be a reference to the "Confidential Information Adversary Proceeding."

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    **21.**    To the extent that the Reservation of Rights is intended to be an opposition to the

2  Motion, it is denied.  Nothing in the Reservation of Rights shall limit the legal or practical effect of

3  any provision of this Order.

4    **22.**    Adequate notice of the Motion was given.

5    **IT IS SO ORDERED.**

Date: May 18, 2023

Maureen A. Tighe
United States Bankruptcy Judge

1  Peter J. Mastan (CASB No. 190250)
   *peter.mastan@dinsmore.com*
2  Jonathan Serrano (CASB No. 333225)
   *jonathan.serrano@dinsmore.com*
3  DINSMORE & SHOHL LLP
   550 S. Hope Street, Suite 1765
4  Los Angeles, CA  90071
   Telephone:  213.335.7737
5

6  Counsel to Amy L. Goldman,
   Chapter 7 Trustee
7

8              **UNITED STATES BANKRUPTCY COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

10

11  In re:                                    Case No. 1:21-bk-11524-MT

12  JET MIDWEST GROUP, LLC,                   Chapter 7

13
            Debtor.                          **ORDER ON MOTION APPROVING**
14                                           **SETTLEMENT AGREEMENT AND**
                                             **MUTUAL RELEASES BETWEEN (A)**
15                                           **THE TRUSTEE, AND (B) VARIOUS**
                                             **INSIDERS OF THE DEBTOR**
16                                           **INCLUDING WITHOUT LIMITATION**
                                             **KAREN KRAUS, PAUL KRAUS, JET**
17                                           **MIDWEST, INC., JET MIDWEST**
                                             **GLOBAL, LLC, JET MIDWEST**
18                                           **TECHNIK, INC., AND OTHERS, AND**
                                             **FOR ASSUMPTION AND ASSIGNMENT**
19                                           **OF CENTURY BLVD. LEASE**

20
                                             Date:     May 15, 2023
21                                           Time:     11:00 a.m.
                                             Place:    Courtroom 302
22                                                     21041 Burbank Blvd.
                                                       Woodland Hills, CA 91367
23                                           Judge:    Hon. Maureen A. Tighe

24

25  / / /

26  / / /

27  / / /

28  / / /

1

1    On May 15, 2023, on the 11:00 a.m. Calendar, in Courtroom 302 of the United States

2    Bankruptcy Court, San Fernando Valley Division, located at 21041 Burbank Blvd., Woodland Hills,

3    California 91365, the Honorable Maureen A. Tighe, United States Bankruptcy Judge, conducted a

4    hearing by *zoom.gov* on the "Motion For Order Approving Settlement Agreement and Mutual

5    Releases Between (A) The Trustee, and (B) Various Insiders of the Debtor Including Without

6    Limitation Karen Kraus, Paul Kraus, Jet Midwest, Inc., Jet Midwest Global, LLC, Jet Midwest

7    Technik, Inc. and Others, And for Assumption and Assignment of the Century Blvd. Lease" (the

8    "Motion") filed on April 24, 2023 by Amy L. Goldman, the Chapter 7 Trustee (the "Trustee") for the

9    bankruptcy estate (the "Estate") of debtor Jet Midwest Group, LLC (the "Debtor") in the above-

10    captioned bankruptcy case.  The Trustee also filed a Notice of Hearing and a Supplemental Notice of

11    Hearing on the Motion.  No opposition to the Motion was filed.  A "Reservation of Rights and

12    Response to Motion . . ." (the "Reservation of Rights") was filed by Kenneth M. Woolley, F. Paul

13    Ohadi, as Trustee of the F. Paul Ohadi Trust dated December 15, 1999 and in his individual

14    capacity, KMW Business Jets, LLC, and Alta Airlines Holdings, LLC.  The Trustee filed a Reply in

15    further support of the Motion.

16    The Court, having considered the Motion, all pleadings filed in support thereof and in

17    opposition thereto (including without limitation the Reservation of Rights), the argument of counsel,

18    and good cause appearing, finds and directs as follows:

19    **1.**    The Motion is granted and the Settlement Agreement and Mutual Releases (the

20    "Agreement") attached as **Exhibit 1** to the Motion is approved (except as expressly modified

21    herein).

22    **2.**    Pursuant to FED. R. BANKR. P. 9018 and other applicable law, the Non-Debtor Party

23    Confidential Financial Information[1] shall remain confidential, notwithstanding 11 U.S.C. §§ 107(a)

24    and 704, in accordance with and as restricted by Section 5 of the Agreement, regardless of whether

25    the Non-Debtor Party Confidential Financial Information falls within the categories of confidential,

26

27

28

---

[1]    Capitalized terms not otherwise defined herein have the same meanings ascribed to them in
the Agreement.

propriety or personal protected information included in FED. R. BANKR. P. 9018 and other applicable law.

**3.**     Any and all security interests, Claims or liens of any Trustee Released Parties (including, without limitation, the Non-Debtor Parties) against the Estate or Property of the Estate are hereby disallowed, withdrawn with prejudice, and released, including (but not limited to) Proof of Claim No. 10.

**4.**     The Settlement Payment is free of any rights of the Trustee Released Parties.

**5.**     Except as provided in subsection 18(e) of Section 4(d) and Section 6 of the Agreement, the Trustee Released Parties have waived any claims against, or right to payment from, the Estate, including but not limited to, monies sought by: (i) proofs of claim filed in the Debtor's case (including without limitation the JM Inc. Claim); (ii) JM Inc.'s Administrative Expense Claim; and (iii) waiver of trespass claim, if any.

**6.**     The Trustee is not required to reimburse the Non-Debtor Parties for any alleged legal fees or costs, including with respect to both discovery and litigation, incurred up to the date of execution of the Agreement.

**7.**     Except for the Assigned Claims, neither the Agreement nor this Order in any way limits, resolves, settles, estops, prejudices or otherwise impacts the Top Jet Non-Parties' claims against JM Inc. or any other Trustee Released Party (or any of JM Inc.'s defenses thereto).

**8.**     Each of the Parties to the Agreement are authorized to enter into the Agreement.

**9.**     Based on all of the facts and circumstances, including without limitation the financial condition of the Non-Debtor Parties, all Parties have acted in good faith, negotiated at arm's length, and it is agreed that the value to be paid to the Estate pursuant to the Agreement is equivalent value and proportional to the rights being waived and released.  The Agreement was entered into in good faith.  Pursuant to CAL. CIV. PROC. CODE §§ 877 and 877.6, the settlement embodied in the Agreement constitutes a good faith settlement.

**10.**     The Top Jet Non-Parties are neither giving releases nor are they bound by the releases herein.  All claims of the Top Jet Non-Parties not previously conveyed to the Estate by the previously

/ / /

3

1  approved settlement between the Top Jet Non-Parties and the Trustee are not assets or property of the

2  Estate.

3        **11.**     Notwithstanding anything to the contrary in the Agreement, no claims of the Estate

4  against F. Paul Ohadi, his trust, Kenneth Woolley, and any of their respective companies, agents, co-

5  conspirators, or those in active concert with them (expressly excepting the Non-Debtor Parties for

6  actions through November 30, 2022 as set forth under the terms of the Agreement), but including (by

7  example but not as a limitation) the following entities: F. Paul Ohadi Trust Dated December 15,

8  1999, Alta Airlines Holdings, LLC, KMW Business Jets, LLC, KMW Leasing XI 757, LLC, KMW

9  Leasing XII 6- 767, LLC, and KMW Leasing X, LLC, are released or otherwise impaired by the

10 terms of the Agreement.

11       **12.**     The limitation of the releases (i.e., subject to Sections 3 and 5) of the Trustee Released

12 Parties and the tolling of all time bars and statutes of limitations and the preservation of the

13 confidentiality under procedures set forth in Section 5(c) of the Agreement are approved.

14       **13.**     The Trustee is authorized to grant, sell, assign and transfer the Estate's rights, title,

15 interests, and security to all physical assets (including but not limited to aircraft/engines/parts and the

16 associated technical documentation and historical records) and their related tracing and FAA

17 documentation at the JM Inc. facility identified in Exhibit A of the Agreement to JM Inc. without

18 prejudice to any rights of third parties and excluding from such transferred assets any assets not

19 expressly listed on Schedule A, effective upon the Trustee's receipt of the Settlement Payment and

20 that payment having cleared the banking process.  The Trustee is further authorized to execute and

21 deliver a bill of sale to JM Inc. substantially in the form of Exhibit A to the Agreement, as applicable

22 and upon JM Inc.'s request, and promptly execute and deliver to JM Inc. such registrations,

23 terminations, or other documents as reasonably required to reflect the transfer of the assets with the

24 FAA, International Registry or in any other jurisdiction.   To the extent any of the foregoing actions

25 are required, the Non-Debtor Parties, and each of them, will be responsible for such registrations or

26 terminations (including any costs associated therewith).  The transfer of the property identified in

27 Exhibit A to the Agreement to JM Inc. is being made on an AS-IS and WHERE-IS basis, without

28

representation or warranty of any kind, whether express or implied, including without limitation no

representation or warranty as to merchantability or fitness for a particular purpose.

14.    The Parties are authorized to, and shall, execute the Assignment Agreement for the

Century Boulevard property lease in the form attached to the Agreement as Exhibit B.  The Trustee's

assumption of and assignment to JM, Inc. of the Century Boulevard property lease pursuant to the

Assignment Agreement is both authorized and approved.

15.    For the Trustee and the Estate, USD $900,000 of the Settlement Payment is hereby

allocated to the Estate's interests in the assets reflected in Exhibit A to the Agreement.  The balance

of the Settlement Payment is hereby allocated to the compromise of the Estate's potential claims

against the Non-Debtor Parties.  The Non-Debtor Parties shall not be bound by the Trustee and the

Estate's allocation.

16.    The Court retains jurisdiction to interpret and enforce this Order and the Settlement

Agreement.  The arbitration provision in Section 9 of the Agreement applies only if both the Court

and the United States District Court either lack or decline to exercise jurisdiction.

17.    Any and all successors to a Party to the Agreement shall be bound by the Agreement.

18.    The Trustee shall not be in breach of the covenant not to sue the Non-Debtor Parties

as set forth in Section 3 of the Agreement, if, following the Effective Date of the Agreement, the

Trustee files an adversary proceeding (an "Adversary Proceeding") against one or more of the Non-

Debtor Parties, provided that each of the following conditions are fully satisfied:

a.    The complaint filed in the Adversary Proceeding (the "Complaint") provides

that:

i.    the Non-Debtor Parties have been named as "nominal" defendants

solely for the purpose of avoiding any claim by any other defendants that the Trustee has failed to

join the Non-Debtor Parties in the Adversary Proceeding as required by Rule 19 of the Federal Rules

of Civil Procedure or applicable case law,

ii.    unless the Agreement is rescinded, the Trustee's claims asserted

against the Non-Debtor Defendants are the subject of a settlement agreement that have been or shall

be released when the settlement agreement becomes effective and will then result in a dismissal, with

prejudice, of all claims released by Section 4(b) of the Agreement, if any, except claims expressly preserved under the Agreement; and the Trustee seeks no affirmative relief or recovery or adjudication of any rights, interests or claims against any of the Non-Debtor Parties in the Adversary Proceeding if the Agreement becomes Effective.

        **b.**      The Trustee shall file a stipulation and lodge an order approving the stipulation substantially in the forms attached to the Agreement as Exhibit C, contemporaneously with filing a Complaint, in the court in which the Adversary Proceeding is pending that:

                **i.**      stays all proceedings in the Adversary Proceeding as to the Non-Debtor Parties, and

                **ii.**      excuses the Non-Debtor Parties from responding to the Complaint and from participating in any discovery or motion practice in the Adversary Proceeding, or complying with Rule 7016 pending dismissal of the Adversary Proceeding as to the Non-Debtor Parties.

        **c.**      The Trustee's joining of the Non-Debtor Parties in the Adversary Proceeding shall not constitute or be interpreted as the Non-Debtor Parties' express or implied consent to the jurisdiction of any court, or a waiver of any rights of the Non-Debtor Parties, including, without limitation, the right, if any, to a jury trial and the right, if any, to have an Article III Court adjudicate any claims or causes of action (including all pre-trial motions related thereto) asserted against any of them by the Trustee or any other party.

        **d.**      The Complaint in the Adversary Proceeding shall not be served on any of the Non-Debtor Parties, unless otherwise ordered by the applicable court.

        **e.**      Promptly, but not later than three business days after the other parties to the Adversary Proceeding file their answers, the Trustee shall request dismissal of the Adversary Proceeding against all Non-Debtor Parties.

        **f.**      In the event that the Trustee's Complaint causes the Non-Debtor Parties to incur any out of pocket costs (excluding attorneys' fees) prior to the Non-Debtor Parties' dismissal from the Adversary Proceeding, then the Trustee shall reimburse the Non-Debtor Parties for reasonable out of pocket costs. This Court shall have authority to resolve any disagreement between the Non-Debtor Parties and the Trustee regarding the reimbursement of out of pocket costs. In

1    addition, the Non-Debtor Parties may file an application (an "Application") with this Court seeking

2    an order that provides the Non-Debtor Parties reimbursement from the Estate for reasonable and

3    necessary attorneys' fees incurred as a result of being defendants in the Adversary Proceeding prior

4    to the dismissal of the Non-Debtor Parties from the Adversary Proceeding.  To the extent that this

5    Court grants such Application, the Trustee shall promptly pay the Non-Debtor Parties the Court-

6    approved fees and expenses.

7        **19.**    Within two (2) Court days of the Effective Date of the Agreement, the Trustee shall

8    request dismissal with prejudice of all claims released by this Agreement including, without

9    limitation, all claims and causes of action set forth in any adversary proceeding against the Non-

10   Debtor Entities that is pending as of the Effective Date of the Agreement that are not the subject of

11   section 4.d.18 of the Agreement.

12       **20.**    The Agreement is deemed revised as follows:

13       **a.**    References in the Agreement to the inventory attached as "Schedule A" to the

14            Agreement shall mean the inventory included in "Exhibit A" to the Agreement.

15       **b.**    The definition of "Adversary Proceeding" contained in Section 5.c of the Agreement

16            shall be deemed revised to be "Confidential Information Adversary Proceeding."

17            Each reference to "Adversary Proceeding" in Section 5.c of the Agreement shall be

18            deemed to be a reference to the "Confidential Information Adversary Proceeding."

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

7

**21.**    To the extent that the Reservation of Rights is intended to be an opposition to the Motion, it is denied.  Nothing in the Reservation of Rights shall limit the legal or practical effect of any provision of this Order.

**22.**    Adequate notice of the Motion was given.

**IT IS SO ORDERED.**