CHRISTOPHER E. PRINCE (SBN 183553)
    cprince@lesnickprince.com
LESNICK PRINCE & PAPPAS LLP
315 W. Ninth St., Suite 705
Los Angeles, CA 90015
Telephone: (213) 493-6496
Facsimile: (213) 493-6596

Darryl Stein (*pro hac vice* application to be filed)
    Darryl.Stein@kobrekim.com
Donna Xu (*pro hac vice* application to be filed)
    Donna.Xu@kobrekim.com
Kobre & Kim LLP
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1200

Counsel for Creditors
Jet Midwest International Co. Ltd. and
Top Jet Enterprises, Ltd.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>JET MIDWEST GROUP, LLC,<br><br>                Debtor. | Case No. 1:21-bk-11524-MT<br><br>Chapter 7<br><br>**OPPOSITION TO, AND RESERVATION OF RIGHTS WITH RESPECT TO, TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT**<br><br>Hearing Information:<br>Date: September 9, 2024<br>Time: 11:00 a.m.<br>Place: Courtroom 302<br>        21041 Burbank Blvd.<br>        Woodland Hills, CA 91367 |

## I. INTRODUCTION

Jet Midwest International Co. Ltd. and Top Jet Enterprises, Ltd. (the "Judgment Creditors") file this opposition to the Trustee's Motion for Order Approving Settlement Agreement (the "Settlement Motion" regarding the "Settlement Agreement"). Dkt. No. 379. The proposed Settlement Agreement seeks to, in effect, settle claims against non-debtor Defendants that belong to the Judgment Creditors, not the Estate. Under the original term sheet for the settlement in principle, the Trustee and the Defendants recognized that they needed the consent of the Judgment Creditors, as the settlement required the Judgment Creditors to withdraw their motion for sanctions against the Defendants currently pending in Missouri federal district court.

But while the Judgment Creditors were still considering the settlement proposal—and shortly after the Judgment Creditors retained one of the undersigned counsel to provide independent legal counsel in connection with this matter—the Trustee and the Defendants sought to end-run the Judgment Creditors' rights by adding an indemnification provision to the settlement, which no longer required the Judgment Creditors' consent. *See* Settlement Agreement § 7 ("Indemnification Provision"). Under this provision, the Defendants, including former equity holders of the Debtors, will be reimbursed from the Estate's assets for any damages, sanctions, or other amounts they are found to owe to the Judgment Creditors, who are the Estate's largest unsecured creditors. Worse yet, the Estate will bear the cost of the litigation: the Indemnification Provision would also cover the Defendants' attorneys' fees.

The Judgment Creditors appreciate the considerable efforts of the Trustee to reach the Settlement Agreement. And while the Judgment Creditors do not object to the settlement of the Estate claims and hope to reach a consensual resolution of any outstanding issues before the September 9, 2024 hearing, the Judgment Creditors believe that, under these circumstances, this Court should postpone the hearing on the Trustee's 9019 motion so that the parties can try to reach some accommodation that would moot the

Judgment Creditors' objections.[1]

Even if a consensual resolution is not possible, a continuance is appropriate given the prejudice to the Judgment Creditors. The newly proposed Settlement Agreement specifically targets the Judgment Creditors' rights, and the standard seven-day response time granted under the local rules is neither fair nor adequate under these circumstances.[2]

Although the Judgment Creditors believe a continuance is fair and appropriate, if the Court is inclined to consider the merits, Judgment Creditors believe the portion of the Settlement Motion seeking approval of Indemnification Provision must be denied as not in the best interests of creditors and as contrary to public policy.

## II.    BACKGROUND

This Court and the parties involved are well aware of the pre-petition disputes, the instant Chapter 7 case, and the related Adversary Proceeding.[3] The Judgment Creditors set forth here only the specific facts relevant to this Objection.

### A.    The Trustee's 2021 Settlement with the Judgment Creditors

In late 2021, the Judgment Creditors and the Chapter 7 Trustee entered into a settlement that resulted in the Judgment Creditors receiving allowed claims in the amount of $139,447,729.60. *See* Dkt. No. 67 ("2021 Settlement"); *see also* Dkt. No. 101 (Order Approving the 2021 Settlement). Excluding Defendants' disputed claims, the Judgment Creditors' allowed claims comprise approximately 95% of the total general unsecured claim total. *See* Settlement Motion at 17 n.6.

In exchange for the allowed claims, the Judgment Creditors contributed to the Estate certain of their pre-petition claims against the Defendants. *See* 2021 Settlement

---

[1]    Counsel for Judgment Creditors asked the Trustee to agree to a continuance, but the Trustee declined.

[2]    The Judgment Creditors note that 9019 motions are normally filed using the "negative notice" provisions of Local Bankruptcy Rule 9013-1(o), which would have given them 14 days to respond.

[3]    *Goldman, et al. v. Woolley, et al.*, 1:23-ap-01012-MT (Bankr. C.D. Cal.).

Agreement § 4(vii); *see also* Settlement Motion at 4 ("*certain claims* of the Nominal Plaintiffs (the 'Assigned Claims') were contributed to the Estate") (emphasis added). The Settlement Agreement granted the Trustee "exclusive power" to "compromise or settle" those Estate claims, on the condition that "any proposed settlement" of such claims shall "be subject to advance notice to the Judgment Creditors." *See* 2021 Settlement § 4(xi).

The Judgment Creditors did not contribute all of their claims. As the Trustee recognizes, the Judgment Creditors' claims in an action pending in the Western District of Missouri "remained with" the Judgment Creditors, apart from an 11% interest in an appeal bond. *See* Settlement Motion at 5. As relevant here, the Judgment Creditors currently have pending a motion in that action against the Defendants for sanctions, which arose from the Defendants' conduct against the Judgment Creditors during discovery, not from a generalized harmed to the Debtor. *See* Dkt. No. 379-15 (as-filed sanctions motion).

**B.    The Mediation, Settlement in Principle and Settlement Agreement**

From February through June 2024, the Defendants and the Trustee participated in a mediation. *See* Dkt. No. 379 at 26 (Declaration of Peter J. Mastan ¶ 5). On August 7, 2024, the Trustee and Mr. Woolley informed the Court in a Status Report that the mediation "concluded with a settlement in principle" but that a "condition precedent has not yet come to fruition" and thus "the parties to the Adversary Proceeding do not yet have a signed settlement agreement." *See* Dkt. No. 378 at 2.

The Settlement Motion disclosed additional information about the mediation, including details about the condition precedent. As the Trustee now explains, "the Parties at the mediation (i.e., the Trustee and the Defendants) agreed to a term sheet" for a settlement in principle, but that the settlement required that the Judgment Creditors—who are notably absent from the Trustee's list of the parties at the mediation—would withdraw a sanctions motion against Defendants. *See* Settlement Motion at 18.

As the August 7, 2024 status report explained, that settlement in principle "would moot many [other] pending matters" before the Court. Dkt. No. 378. And, on August 12, the Court's tentative ruling continued the scheduled status conference "to September 9,

2024 at 10:00 am," further noting that "[t]he substantive matters on calendar for September 9 remain solely as a holding date" and that "[n]ew dates for argument will be set at the status conference if necessary."[4]

While the Judgment Creditors were considering whether to join the settlement in principle, the Trustee and the Defendants struck a new bargain in the form of the proposed Settlement Agreement, which effectively removes the Judgment Creditors' choice of whether or not to support the settlement.[5]

At a high level, the Settlement Agreement provides that the Defendants will make a payment of $52 million in exchange for the Estate's release of its claims, and Defendants will release their claims against the Estate. Most importantly for purposes of this Objection, however, the proposed settlement requires that the Trustee indemnify the Defendants for costs arising from all claims that the Judgment Creditors may assert or *continue to pursue* until October 31, 2025, including reasonable attorney's fees:

> Except with respect to the Missouri Fee Dispute, the Estate hereby agrees to indemnify Defendants for any and all Claims and/or Claims for Relief of every kind and nature, whether known or unknown, suspected or unsuspected, direct or indirect, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, that JM International, Top Jet or either of them, may own or hold or at any time heretofore have owned or held against the Defendants or any of them which JM International and/or Top Jet and/or their Affiliates **may institute, prosecute, collect, enforce, declare, assert, establish or otherwise raise, pursue or continue to pursue** at law or in equity after the execution of this Agreement but on or before October 31, 2025. The Trustee shall not cause

---

[4]    Consistent with this tentative ruling, the Judgment Creditors have conferred with the Trustee and understand that the substantive matters on the calendar for September 9, 2024—other than the instant Settlement Motion—will not be heard on that date. The Judgment Creditors, who are now represented by separate counsel, reserve the right to seek a briefing schedule on certain of these other substantive matters to the extent consensual resolutions cannot be reached.

[5]    On August 2, 2024, the Judgment Creditors asked the Trustee for additional time, until August 30, 2024, to consider the proposed settlement. On the morning of August 19, 2024, the undersigned counsel emailed the Trustee's general counsel and special litigation counsel to inform them that they had just been retained and to request that the September 9, 2024 appearance be adjourned. Later that day, the Trustee filed the Settlement Motion.

4

there to be a hearing on a final report in the Bankruptcy Case prior to October 31, 2025. **This indemnification includes reimbursement of Defendants' reasonable attorney fees incurred in connection with the Claims and/or Claims for Relief described in this paragraph.** (emphasis added)

*See* Settlement Agreement § 7.

The Indemnification Provision carves out the so-called Missouri Fee Dispute but not the sanctions motion, and it broadly includes all other potential claims. As a result, the Trustee would not indemnify the Defendants for the Judgment Creditors' pursuit of certain attorneys' fees currently on remand from the Eighth Circuit or unspecified "other attorneys' fees" up to $300,000. But if the Judgment Creditors pursue (or continue to pursue) *anything* against the Defendants for *anything else*, then the Trustee will pay not only what the Defendants owe but also their attorneys' fees.

## III.    ARGUMENT

The Judgment Creditors do not currently object to the Defendants' payment amount under the Settlement Agreement, but the Indemnification Provision cannot be approved in its current form for a few reasons.[6]

*First,* the Indemnification Provision turns fundamental bankruptcy principles on their head, including the priority scheme in Chapter 7. The Indemnification Provision reimburses the Defendants—including former equity holders of the Debtor—from the Estate's assets. Not only will the Estate's assets thus go to shareholders before creditors, but the Defendants will further benefit by using these Estate assets (and effectively obtaining administrative expense claims) to pay amounts they would otherwise owe to the Judgment Creditors on account of their own direct (non-Estate) causes of action. *See* Settlement Agreement at 8.

---

[6] At this point, the Judgment Creditors do not object to the payment to be made by Defendants in exchange of release of the Estate claims. Having become aware of the settlement terms only when the Settlement Motion was filed last week, the Judgment Creditors are still reviewing the Settlement Agreement, and the Judgment Creditors reserve the right to supplement, correct, and/or withdraw this Objection based on their further review and negotiations with relevant parties.

5

Under this construct, the creditors—including the Judgment Creditors—will not receive any distribution payment prior to that October 31, 2025 date *unless* the Judgment Creditors agree to release the Defendants from any and all claims they may have against the Defendants—*including claims that do not belong to the Estate*, such as the sanctions motion. And if the Judgment Creditors do pursue those claims, they will be eroding their own recovery: any recovery on account of these non-Estate claims will be paid for by the Estate, and the Estate will *also* pay for the attorneys' fees that the Defendants incur in their litigation against the Judgment Creditors.

The Judgment Creditors are thus left with a Hobson's choice of either dropping their non-Estate claims against the Defendants, or pursuing them with little hope of a meaningful recovery. Indeed, as the Estate's largest creditors, the indemnification will primarily be paid from their own future recovery from the Estate. This construct insulates equity holders and other insiders of the Debtors—the Defendants—while effectively extinguishing creditors' claims that are not before the Court and are not the Debtor's claims to compromise. The outcome here is substantially similar to that of the non-consensual third-party releases that the Supreme Court recently rejected. *See Harrington v. Purdue Pharma L. P.,* 144 S. Ct. 2071, 2088 (2024). This Court should do so here as well. *See In re Medley*, No. 6:20-BK-11768-SY, 2023 WL 1960799, at *5 (B.A.P. 9th Cir. Feb. 13, 2023), *aff'd*, No. 23-60014, 2024 WL 49806 (9th Cir. Jan. 4, 2024) ("The bankruptcy court [applies] the familiar principle that the legal consequences of a transaction are based on its economic substance rather than its form.").

Moreover, using a creditor's recovery to fund the defenses of an equity holder subverts the bedrock principle that debt comes before equity in bankruptcy. *See Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 457 (2017) ("The Code places equity holders at the bottom of the priority list. They receive nothing until all previously listed creditors have been paid in full." (citing 11 U.S.C. § 726(a)(6)). Like a *sub rosa* plan, a settlement that binds the Estate and stakeholders to a liquidation outcome that violates the principles of the

6

Bankruptcy Code should not be approved. *See In re McClure*, No. 1:13-BK-10386-GM, 2015 WL 1607365, at *8 (Bankr. C.D. Cal. Apr. 2, 2015) (noting that a "*sub rosa* plan [that] has the effect of dictating the terms of a plan and thereby will short circuit the requirements . . . for confirmation of a [] plan" is prohibited).

*Second*, the Indemnification Provision is neither in "'the best interests of the estate,'" nor is it "'fair and equitable for the creditors'" to the Estate. *In re Roger, M.D., Inc., APC*, 393 F. Supp. 3d 940, 961 (C.D. Cal. 2019) (citing *CAM/RPC Elecs. v. Robertson (In re MGS Mktg.)*, 111 B.R. 264, 266–67 (9th Cir. B.A.P 1990)). In evaluating the Settlement Agreement, including the Indemnification Provision, the Court must consider "the paramount interest of the creditors" and give "proper deference to their reasonable views[.]" *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988) (citation omitted); *cf. In re Roger, M.D., Inc., APC*, 393 F. Supp. 3d 940, 964 (C.D. Cal. 2019) (overturning bankruptcy court approval of sale order settlement, finding that the court "should have exhibited 'proper deference' to the views . . . the supermajority creditor."). Under the Indemnification Provision, the Estate bears the Defendants' costs of defending against the Judgment Creditors' claims, and the Judgment Creditors—as the supermajority creditor—will see their ultimate economic recovery substantially unchanged even if they prevail on their non-Estate claims.

*Third*, this Settlement Agreement has the effect of re-trading the 2021 Settlement so that all of the Judgment Creditors' claims are contributed to the Estate, not just those for which the Trustee originally bargained. The 2021 Settlement streamlined the disputes between the Trustee and the Judgment Creditors by having the Judgment Creditors contribute certain claims to the Estate, which would conserve resources for taking action against the Defendants. *See, e.g.*, 2021 Settlement at 31-32. However, as described above, not all of the Judgment Creditors' claims—and not even all of the Judgment Creditors' claims against the Defendants (such as the sanctions motion claim)—were contributed to the Estate. Rather, they were preserved for the benefit of the Judgment Creditors.

The Trustee cannot use the current settlement construct to enlarge its

1 bargained-for rights under the 2021 Settlement and coerce the Judgment Creditors to release non-Estate claims. The Indemnification Provision of the Settlement Agreement thus contradicts the previously approved 2021 Settlement, and its approval should be held in abeyance pending further negotiations or denied. *See Ashbach v. Kirtley*, 289 F.2d 159 (8th Cir. 1961) (noting that a settlement that would prevent favorable related litigation and lead to a windfall to the settling party should not be approved).

**IV.   CONCLUSION**

Accordingly, this Court should hold the Settlement Motion in abeyance to allow additional time for all parties to reach a consensual resolution or, in the alternative, strike the Indemnification Provision. *See KFC Corp. v. Wagstaff*, 502 B.R. 484, 500 (W.D. Ky. 2013) ("[B]ankruptcy law is purposefully designed to promote efficient and equitable compromise among all relevant parties in a single proceeding, including, among the creditors vis-à-vis one another."); *In re 1600 Hicks Rd. LLC*, 649 B.R. 172, 182 (Bankr. N.D. Ill. 2023) ("The Bankruptcy Code . . . promotes negotiation, compromise and settlement of claims."). Permitting additional time for all parties to agree on a settlement construct would help maximize the estate's interests in accordance with applicable laws. In the alternative, however, the Indemnification Provision should be struck from the Settlement Agreement.

DATED: August 26, 2024        KOBRE & KIM LLP

and

LESNICK PRINCE & PAPPAS LLP


By:   /s/ Christopher E. Prince
        Christopher E. Prince

Counsel for Jet Midwest International Co. Ltd. and Top Jet Enterprises, Ltd.

8

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Lesnick Prince & Pappas LLP, 315 W. Ninth St., Suite 705, Los Angeles, CA 90015

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION AND RESERVATION OF RIGHTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/26/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Keith Patrick Banner**    kbanner@ggfirm.com, calendar@greenbergglusker.com;cmillerwatkins@greenbergglusker.com
- **Keith Patrick Banner**    kbanner@greenbergglusker.com, calendar@greenbergglusker.com;cmillerwatkins@greenbergglusker.com
- **Samuel Mushegh Boyamian**    samuel@marguliesfaithlaw.com, Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com
- **Russell Clementson**    russell.clementson@usdoj.gov
- **Ashleigh A Danker**    adanker731@gmail.com
- **Jonathan R Doolittle**    jonathan.doolittle@pillsburylaw.com, courtalertecf@pillsburylaw.com
- **Amy L Goldman (TR)**    marisol.jaramillo@lewisbrisbois.com, AGoldman@iq7technology.com;ecf.alert+Goldman@titlexi.com
- **Mark S Horoupian**    mark.horoupian@gmlaw.com, mhoroupian@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com;karen.files@gmlaw.com
- **Eve H. Karasik**    ehk@lnbyb.com
- **Eve H. Karasik**    ehk@lnbyg.com
- **Ori Katz**    okatz@sheppardmullin.com, lsegura@sheppardmullin.com
- **Gary E Klausner**    gek@lnbyg.com
- **Jeffrey S Kwong**    jsk@lnbyg.com, jsk@ecf.inforuptcy.com
- **Peter W Lianides**    plianides@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Aaron J Malo**    amalo@sheppardmullin.com, abilly@sheppardmullin.com;rgolder@sheppardmullin.com
- **Craig G Margulies**    Craig@MarguliesFaithlaw.com, Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com
- **J. Barrett Marum**    bmarum@sheppardmullin.com, egarcia@sheppardmullin.com
- **Peter J Mastan**    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- **William M Noall**    wnoall@gtg.legal, bknotices@gtg.legal
- **Juliet Y. Oh**    jyo@lnbyg.com, jyo@lnbyb.com
- **Teresa Pilatowicz**    tpilatowicz@gtg.legal
- **Hugh M Ray**    hugh.ray@pillsburylaw.com, nancy.jones@pillsburylaw.com,docket@pillsburylaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                **F 9013-3.1.PROOF.SERVICE**

- **Lovee D Sarenas**   lovee.sarenas@dinsmore.com, michael.kerr@dinsmore.com
- **Jonathan Serrano**   jonathan.serrano@dinsmore.com
- **David B Shemano**   dshemano@shemanolaw.com
- **Jonathan Seligmann Shenson**   jshenson@ggfirm.com, calendar@greenbergglusker.com;cmillerwatkins@greenbergglusker.com
- **Jonathan Seligmann Shenson**   jshenson@greenbergglusker.com, calendar@greenbergglusker.com;cmillerwatkins@greenbergglusker.com
- **Randye B Soref**   rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Richard P Steelman**   rps@lnbyg.com, john@lnbyb.com
- **United States Trustee (SV)**   ustpregion16.wh.ecf@usdoj.gov
- **Hannah Waldman**   hwaldman@ggfirm.com, calendar@greenbergglusker.com,cmillerwatkins@greenbergglusker.com
- **Claire K Wu**   claire.wu@pillsburylaw.com, renee.evans@pillsburylaw.com;docket@pillsburylaw.com
- **Beth Ann R. Young**   bry@lnbyg.com, bry@lnbyb.com
- **Roye Zur**   rzur@elkinskalt.com, TParizad@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (*state method for each person or entity served*): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/26/2024 | Janet A. Mack | /s/Janet A. Mack |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE