Peter J. Mastan (CASB No. 190250)
peter.mastan@dinsmore.com
Brian M. Metcalf (CASB No. 205809)
brian.metcalf@dinsmore.com
Jonathan Serrano (CASB No. 333225)
jonathan.serrano@dinsmore.com
DINSMORE & SHOHL LLP
550 S. Hope Street, Suite 1765
Los Angeles, CA  90071
Telephone:  213.335.7737

Counsel to the Chapter 7 Trustee,
Amy L. Goldman

FILED & ENTERED

SEP 11 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetulio    DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA- SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>JET MIDWEST GROUP, LLC<br><br>    Debtor. | Case No. 1:21-bk-11524-MT<br><br>Chapter 7<br><br>**ORDER GRANTING MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT AND MUTUAL RELEASES BETWEEN (I) THE TRUSTEE, ON THE ONE HAND, AND (II) (A) KENNETH WOOLLEY, (B) F. PAUL OHADI, (C) THE F. PAUL OHADI TRUST DATED DECEMBER 15, 1999, (D) ALTA AIRLINES HOLDINGS, LLC, AND (E) KMW BUSINESS JETS, LLC, ON THE OTHER HAND**<br><br>Date:    September 9, 2024<br>Time:    11:00 a.m.<br>Ctrm:    302 (ZoomGov)<br>           21041 Burbank Blvd.<br>           Woodland Hills, CA 91367<br>Judge:   Hon. Maureen A. Tighe |

On September 9, 2024, on the 1:00 p.m. calendar, in Courtroom 302 of the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division, located at 21041 Burbank Blvd., Woodland Hills, California 91365, the Honorable Maureen A. Tighe, United States Bankruptcy Judge, conducted a hearing on the *Motion for Order Approving Settlement Agreement and Mutual Releases Between (I) the Trustee, on the One Hand, and (II) (A) Kenneth Woolley, (B) F. Paul Ohadi, (C) The F. Paul Ohadi Trust Dated December 15, 1999, (D) Alta Airlines Holdings, LLC, and (E) KMW Business Jets, LLC, on the Other Hand* (the "Motion") filed on August 19, 2024 by Amy L. Goldman, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of debtor Jet Midwest Group, LLC (the "Debtor") in the above-captioned bankruptcy case.  Peter J. Mastan and Lovee D. Sarenas of Dinsmore & Shohl LLP together with Hugh M. Ray, III and Geoffrey Sant of Pillsbury Winthrop Shaw Pittman LLP appeared on behalf of the Trustee.  Ori Katz and Sascha Henry of Sheppard Mullin Richter and Hampton LLP appeared on behalf of Kenneth Woolley.  Daryl Stein of Kobre & Kim LLP and Christopher E. Prince of Lesnick Prince & Pappas LLP appeared on behalf of Top Jet Enterprises Limited ("Top Jet") and Jet Midwest International Co., Ltd. ("JM International") (Top Jet and JM International are collectively referred to as the "Nominal Plaintiffs").  Other appearances were as stated on the record.

The Court, having considered the Motion, all pleadings filed in support thereof and in opposition thereto, including without limitation the opposition (the "Opposition") filed on August 26, 2024 by the Nominal Plaintiffs, the argument of counsel, good cause appearing and for the reasons stated on the record, in the Motion, and in the Trustee's reply brief, finds and directs as follows:

**1.**    The Motion is granted.

**2.**    The terms and conditions of the Settlement Agreement and Mutual Release (the "Agreement") attached as Exhibit 1 to the Motion between the Trustee, on behalf of the Estate, and the defendants Kenneth Woolley, F. Paul Ohadi, the F. Paul Ohadi Trust Dated December 15, 1999, Alta Airlines Holdings, LLC and KMW Business Jets, LLC (collectively, the "Defendants") are approved.

3. The Trustee is authorized to settle with the Defendants on the terms set forth in the Agreement.

4. The Agreement was made in good faith in an arm's-length transaction.

5. The Trustee and the Defendants are authorized to perform the terms of the Settlement Agreement and Mutual Release (the "Agreement") which was attached as Exhibit 1 to the Motion, including the granting of the releases contemplated in the Agreement.

6. In the event that the Settlement Payment (as defined in the Agreement) is not timely made in accordance with the Agreement, the Trustee may, on an *ex parte* basis, lodge in the adversary proceeding known as *Goldman v. Woolley et al.* [Adv. Proc. No. 1:23-ap-11524-MT] (the "Adversary Proceeding") the stipulated judgment contemplated in the Agreement for entry by the Court.

7. To the extent that the Settlement Payment is timely made, the Trustee is authorized to request dismissal with prejudice of the Adversary Proceeding in its entirety, including as to the Nominal Plaintiffs.

8. The Defendants, and each of them, shall request dismissal of their Counterclaim Complaint filed in the Adversary Proceeding within five business days of the Effective Date (as defined in the Agreement) of the Agreement.

9. The Trustee is authorized to indemnify the Defendants as contemplated in the Agreement. Without limiting the foregoing, the Trustee is authorized to pay from the Settlement Payment any indemnification and other financial obligations under the Agreement without further Court order.

10. Upon the Effective Date, without further Court order, all of the Defendants' claims against the Estate, including without limitation proofs of claim numbers 12, 13, and 14, shall be deemed withdrawn.

11. After the Effective Date, in accordance with the terms of the Agreement, the Trustee and the Defendants are authorized to request that the Court vacate its Order to Show Cause re Civil Contempt for Violation of the Court's Discovery Order [ECF No. 365] entered April 29, 2024 in the Bankruptcy Case.

12. The proposed settlement is binding on all creditors of the Estate who received notice of the Motion such that they are prohibited from asserting in their own right any claims held by the Estate that are released under the Agreement.

13. Adequate notice of the Motion was given.

**IT IS SO ORDERED.**

### 

Date: September 11, 2024

Maureen A. Tighe
United States Bankruptcy Judge